**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **NCHI GERALD WULNIGHIWIMBOM #A221-175-581** | **CASE NO.  1:25-CV-02126 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **CHIEF COUNSEL U S D H S - I C E ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by Petitioner Nchi Gerald Wulnighiwimbom ("Wulnighiwimbom"), an immigration detainee at Winn Correctional Center in Winnfield, Louisiana.  Wulnighiwimbom challenges the legality of his continued detention.

Because Wulnighiwimbom establishes there is no significant likelihood of his removal in the reasonably foreseeable future, the Petition should be GRANTED.

**I.    Background**

Wulnighiwimbom is a native and citizen of Cameroon who has been detained since he unlawfully entered the United States on October 4, 2024.  Doc. 1-2 at 3; Doc. 25-1 at 1.

On June 3, 2025, Wulnighiwimbom was ordered removed to Cameroon, but granted withholding of Removal under INA § 241(b)(3).  Doc. 25-1 at 5.  Wulnighiwimbom waived his right to appeal.

On July 02, 2025, applications for travel documents were sent to the United Kingdom, France, and Canada.  Doc. 25-1 at 3.  On July 9, 2025, the French Consulate declined to accept Wulnighiwimbom.  *Id.*  To date no response has been received from the United Kingdom or Canada.

1

II.     **Law and Analysis**

The Court has jurisdiction to consider Wulnighiwimbom's challenge to his continued post-removal order detention.  *See Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it.  Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *adopted by*, 3:25-CV-1700, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *adopted by*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days within which to effectuate the removal.  *See* 8 U.S.C. § 1231(a)(1)(A).  However, Section 1231 permits detention beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States.  *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  In fact, detention for up to six months is "presumptively reasonable."  *Id*.  Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him.  *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures).  The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist.  *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006).  The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, 03-CV-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Wulnighiwimbom's removal order became final on June 3, 2025.  He has been detained beyond the presumptively reasonable period, and the presumption of reasonableness no longer applies.  *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025); *see also Altayb v. U.S. Immigration & Customs Enf't*, 1:25-CV-01615, 2026 WL 550093, at *1 (W.D. La. Feb. 9, 2026), *adopted by*, 2026 WL 544292 (W.D. La. Feb. 26, 2026).

Wulnighiwimbom has satisfied his initial burden of demonstrating that a significant likelihood of removal in the reasonably foreseeable future does not exist.  He identifies a specific barrier to his repatriation in that he was granted withholding of removal to Cameroon, his only country of citizenship.  *See Altayb*, 2026 WL 550093 *3 (collecting cases).  France, one of the three countries contacted, has refused to accept Wulnighiwimbom.  Doc. 25-1 at 3.  The other two countries have never responded—or even acknowledged the requests.  *Id.*  Wulnighiwimbom has now been detained for more than 18 months, including 10 months after his removal order became final.  "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."  *Zadvydas*, 533 U.S. at 701.

The burden therefore shifts to the Government to come forward with evidence of a significant likelihood that Wulnighiwimbom will be deported in the reasonably foreseeable future.  The Government presents a sworn declaration of Assistant Field Office Director Quincy Hodges, which confirms that no request to any country has been made since July 2025—over nine months ago.  Doc. 25-1 at 3.  No additional countries have even been identified for third country removal.  Therefore, the Government is no closer to removing Wulnighiwimbom now than it was in June 2025. *Id.*  "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future."  *Nguyen v. Noem*, 5:25-CV-176, 2026

WL 237282, at \*9 (S.D. Tex. Jan. 28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at \*3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

Wulnighiwimbom is not required to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," only that that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-02. The record before the Court establishes that one country has refused to accept Wulnighiwimbom, and the other countries have not responded. Doc. 25-1 at 3. There is no evidence that Canada or the United Kingdom are even considering the requests submitted over nine months ago. It follows that the likelihood of Wulnighiwimbom being removed in the reasonably foreseeable future is certainly not significant. The Government has failed to meet its burden to refute that assertion. Accordingly, Wulnighiwimbom's continued detention violates the Due Process Clause, as explained in *Zadvydas*.

### III.   Conclusion

Because there is no significant likelihood of Wulnighiwimbom's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition be GRANTED and Wulnighiwimbom be released under appropriate conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will

bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

THUS DONE in Chambers on this 16th day of April, 2026.

_____
Carol B. Whitehurst
United States Magistrate Judge